IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| PATRICK SHEEHAN, | Civil Action No. |
|    Plaintiff, |   2:22-CV-211-RWS-JCF |
| v. | JURY TRIAL DEMANDED |
| WAL-MART ASSOCIATES, INC., | |
|    Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Patrick Sheehan (hereinafter "Plaintiff" or "Mr. Sheehan"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

### 1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

## **JURISDICTION AND VENUE**

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

3.

This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

**PARTIES**

4.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA.

5.

During all times relevant hereto, Defendant Wal-Mart Associates, Inc., has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under FMLA.

6.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

8.

Defendant may be served by delivering a copy of the summons and complaint upon the registered agent The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

9.

Defendant is now and, at all times relevant hereto, has been a foreign profit corporation.

## FACTUAL ALLEGATIONS

10.

Mr. Sheehan began working for Defendant on or about November 17, 2014, as a Co-manager.

11.

While Plaintiff was working for Defendant he was appointed to the Rising Star Program sometime in January of 2016.

12.

This program was for the best Co-managers in the country to train to become store managers.

13.

Plaintiff graduated from the program sometime in February of 2017.

14.

After the Plaintiff graduated from the Rising Star Program he began to work for the Rincon, GA store as a Store Manager.

15.

In March of 2019, the Market Manager, Ronald Hancock moved the Plaintiff to store 635 in Savannah, GA .

16.

On or about May 8, 2021, Plaintiff had a stroke.

17.

Due to the Plaintiff's stroke, he had to take FMLA from May 8, 2021 until February 7, 2022 when he was cleared to retun to work by his doctor.

18.

Plaintiff's FMLA was approved by Defendants.

19.

When Plaintiff returned to work, the Market Human Resource Manager, Amanda Hignite advised him that he needed to request leave for thirty (30) days for the Plaintiff to find a new position.

20.

The Plaintiff later found out this information was incorrect and due to this he was not paid during this time.

21.

Plaintiff applied for an open store manager position not too far from the Savannah, GA store where he was a Co-manager.

22.

Plaintiff was interviewed for the positon on or about February 25, 2022 via zoom by Market Manager Adam Gipson, Amanda Hignite, Sandra Palmer and Mark Smith.

23.

Plaintiff did not get any feedback after the interview until March 3, 2022 when he received a telephone call from Amanda Hignite requesting a meeting.

24.

The meeting was held on March 7, 2022.

25.

On or about March 7, 2022, Defendant terminated the Plaintiff one month after Plaintiff returned from his FMLA leave.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

27.

Others outside the Plaintiff's protected class were treated differently.

**COUNT I – INTERFERENCE WITH EXERCISE OF FMLA RIGHTS**

28.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

29.

Defendant is an 'employer' as defined by the FMLA.

30.

Plaintiff was an eligible employee under the FMLA.

31.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

32.

Plaintiff was employed by Defendant for more than 12 months.

33.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

34.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

35.

Plaintiff had a serious medical condition as defined by the FMLA.

36.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

37.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

38.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B)

– including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

39.

Plaintiff is also entitled to liquidated damages for Defendant's violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions to prevent Plaintiff from taking his awarded leave were willful violations of the FMLA.

**COUNT II – RETALIATION FOR EXERCISE OF FMLA RIGHTS**

40.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41.

Defendant is an 'employer' as defined by the FMLA.

42.

Plaintiff was an eligible employee under the FMLA.

43.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

44.

Plaintiff was employed by Defendant for more than 12 months.

45.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

46.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

47.

Plaintiff had a serious medical condition as defined by the FMLA.

48.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

49.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising his right to take leave as provided under the FMLA.

50.

Defendant's actions in retaliation against Plaintiff for refusing his FMLA were committed with reckless disregard for Plaintiff's right to be free discriminatory treatment under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

51.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him under the FMLA.

52.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

53.

Plaintiff is further entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff judgment as follows:

(a)     A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(c)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(e)        Reasonable attorney's fees and expenses of litigation with any

and all other costs associated with this action as provided by the

FMLA;

(f)        Trial by jury as to all issues;

(g)        Prejudgment interest at the rate allowed by law; and

(h)        All other relief to which he may be entitled.

Respectfully submitted the 20th day of October, 2022.

**THE LEACH FIRM, P.A.**

*/s/Adeash Lakraj*_____
   Adeash A.J. Lakraj
   GA Bar No. 444848
   631 S. Orlando Ave, Suite 300
   Wells Fargo Building
   Winter Park, FL 32789
   Telephone: 770.728.8478
   Facsimile: 833.423.5864
   Email: alakraj@theleachfirm.com